# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, <br><br>          Plaintiff, <br><br>      vs. <br><br> HOMETOWN WEST II HOMEOWNERS ASSOCIATION et al., <br><br>          Defendants. | 2:15-cv-01232-RCJ-NJK <br><br> **ORDER** |

This case arises out of a homeowner's association foreclosure sale.  Pending before the Court is a Motion to Dismiss (ECF No. 11).  For the reasons given herein, the Court denies the motion.

## I.      FACTS AND PROCEDURAL HISTORY

In 2003, non-party David M. Holleb purchased real property at 3208 Bradford Hill Ave., North Las Vegas, Nevada, 89031 (the "Property"), giving the non-party lender a promissory note in the amount of $242,400, secured by a first deed of trust (the "DOT") against the Property. (*See* Compl. ¶¶ 8, 13, ECF No. 1).  Plaintiff Nationstar Mortgage, LLC became the beneficiary of the DOT by assignment in 2012. (*See id.* ¶ 14).  Holleb defaulted on both the note and his obligations to Defendant Hometown West II Homeowners Association (the "HOA"), and the

1    HOA conducted a foreclosure sale on August 13, 2013 at which Defendant SFR Investments

2    Pool I, LLC ("SFR") purchased the Property for $13,000. (*Id.* ¶¶ 15, 17–29).

3          Plaintiff has sued the HOA and SFR in this Court for: (1) declaratory judgment that the

4    HOA foreclosure did not extinguish the DOT because due process was not satisfied as to notice,

5    state law was not satisfied as to notice, and the sale was not commercially reasonable; (2)

6    violation of the duty of good faith imposed by Nevada Revised Statutes section ("NRS")

7    116.1113 by not complying with a clause in the Covenants, Conditions, and Restrictions

8    ("CC&R") completely subordinating any HOA liens to first mortgages; and (3) wrongful

9    foreclosure.[1]  SFR has answered and has brought counterclaims and crossclaims for quiet title

10   and slander of title.[2]  The HOA has moved to dismiss the complaint for failure to exhaust

11   administrative remedies.

12   **II.    LEGAL STANDARDS**

13          It is not seriously disputed that failure to exhaust non-judicial remedies is generally

14   treated as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007).  An exhaustion

15   statute's "silen[ce] on the issue whether exhaustion must be pleaded by the plaintiff or is an

16   affirmative defense . . . is strong evidence that the usual practice should be followed, and the

17   usual practice under the Federal Rules is to regard exhaustion as an affirmative defense." *Id.*  A

18   Court should not dismiss based on an affirmative defense unless the elements of the defense

19   appear on the face of the pleading to be dismissed. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d

20   892, 902 (9th Cir. 2013).  Where an affirmative defense does not appear on the face of the

21   pleading sought to be dismissed, it cannot be determined until (at least) the summary judgment

22   _____

23   1 The fourth cause of action for injunctive relief is a prayer for relief, not an independent cause
     of action.

24   2 The second cause of action for injunctive relief is a prayer for relief, not an independent cause
     of action.

stage; it cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

### III.   ANALYSIS

The HOA argues that the Complaint should be dismissed for Plaintiff's failure to abide by state law pre-litigation exhaustion requirements.  Specifically:

No civil action based upon a claim relating to:

(a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or

(b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,

may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.

2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

Nev. Rev. Stat. § 38.310.  The statute is silent on pleading requirements.  The Court therefore finds that the exhaustion requirement is an affirmative defense and denies the motion to dismiss, as non-exhaustion does not appear on the face of the Complaint.[3]

---

3 The Court notes, however, that it would be inclined to grant summary judgment in part if the HOA could show that Plaintiff had not sought mediation.  In the second claim, Plaintiff asks the Court to rule that the HOA failed to apply the CC&R in good faith as required by NRS 116.1113, which would require the interpretation and application of the CC&R.  Also, the third claim for wrongful foreclosure cannot be based on any violation of NRS 116.1113.  The remaining claims (the first claim and most of the third claim) concern external state and federal limitations on the

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated this 26th day of August, 2015.

_____
ROBERT C. JONES
United States District Judge

foreclosure that do not require the interpretation, application, or enforcement of the CC&R.