UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>HOMETOWN WEST II HOMEOWNERS ASSOCIATION et al.,<br><br>    Defendants. | 2:15-cv-01232-RCJ-NJK<br><br>**ORDER** |

This case arises out of a homeowner's association foreclosure sale. Pending before the Court is a Motion to Reconsider (ECF No. 50).

I.    **FACTS AND PROCEDURAL HISTORY**

In 2003, Third-Party Defendant David M. Holleb purchased real property at 3208 Bradford Hill Ave., North Las Vegas, Nevada, 89031 (the "Property"), giving the lender a promissory note in the amount of $242,400 (the "Note"), secured by a first deed of trust (the "DOT") against the Property. (*See* Compl. ¶¶ 8, 13, ECF No. 1). Plaintiff Nationstar Mortgage, LLC ("Nationstar") became the beneficiary of the DOT by assignment in 2012. (*See id.* ¶ 14). Holleb defaulted on both the Note and his obligations to Defendant Hometown West II Homeowners Association (the "HOA"), and the HOA conducted a foreclosure sale on August

13, 2013 at which Defendant SFR Investments Pool I, LLC ("SFR") purchased the Property for $13,000. (*Id.* ¶¶ 15, 17–29).

Nationstar sued the HOA and SFR in this Court for: (1) quiet title; (2) violation of the duty of good faith under Nevada Revised Statutes section ("NRS") 116.1113; and (3) wrongful foreclosure.[1]  SFR filed counterclaims and third-party claims for quiet title and slander of title.[2]

The HOA moved to dismiss the Complaint for failure to exhaust administrative remedies, and the Court denied the motion because the affirmative defense of non-exhaustion did not appear on the face of the Complaint.  The Court noted that it would be inclined to grant summary judgment in part if the HOA could show that Nationstar had not sought mediation, as required under state law, as to Nationstar's claim that the HOA failed to apply the CC&R in good faith under NRS 116.1113.

Nationstar moved for offensive summary judgment on its own claims and for defensive summary judgment against SFR's counterclaims.  The HOA moved for defensive summary judgment against Nationstar's claims.  SFR moved for offensive summary judgment on its counterclaims and third-party claims and for defensive summary judgment against Nationstar's claims.  The Court granted Nationstar offensive summary judgment on its claim against the HOA under NRS 116.1113 and defensive summary judgment against SFR's counterclaims for quiet title and slander of title.  The Court granted SFR offensive summary judgment on its third-party claims against Holleb and RMC and defensive summary judgment against Nationstar's claim for quiet title insofar as that claim was based on the Due Process Clause of the Fourteenth

---

1 The fourth cause of action for injunctive relief is not an independent cause of action.

2 The second cause of action for injunctive relief is not an independent cause of action.  Also, although titled "crossclaims," the claims against Holleb and Realty Mortgage Corp. ("RMC") are in substance third-party claims because they are not brought against the HOA (SFR's only co-Defendant).

Amendment.  The Court denied the HOA's motion.  After the summary judgment rulings, Nationstar's claim for wrongful foreclosure against the HOA and its claim for quiet title against SFR under *Shadow Wood* and *Levers* remain for trial.

## II.     DISCUSSION

The HOA has asked the Court to reconsider its grant of offensive summary judgment to Nationstar on the claim under NRS 116.1113.  The Court declines to reconsider.  It cannot be said the Court committed clear error in interpreting NRS 116.1206 not to be retroactive to CC&R provisions the pre-date it, because there is no controlling authority on the question.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 50) is DENIED

IT IS SO ORDERED.

Dated this 24th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge