UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>HOMETOWN WEST II HOMEOWNERS ASSOCIATION et al.,<br><br>    Defendants. | 2:15-cv-01232-RCJ-NJK<br><br>ORDER |

    This case arises out of a homeowner's association foreclosure sale. Pending before the Court are a Motion to Reconsider (ECF No. 54) and a Motion to Certify a Question of Law to Nevada's Supreme Court (ECF No. 55).

**I.    FACTS AND PROCEDURAL HISTORY**

    In 2003, Third-Party Defendant David M. Holleb purchased real property at 3208 Bradford Hill Ave., North Las Vegas, Nevada, 89031 ("the Property"), giving the lender a promissory note in the amount of $242,400 ("the Note"), secured by a first deed of trust ("the DOT") against the Property. (*See* Compl. ¶¶ 8, 13, ECF No. 1). Plaintiff Nationstar Mortgage, LLC ("Nationstar") became the beneficiary of the DOT by assignment in 2012. (*See id.* ¶ 14). Holleb defaulted on both the Note and his obligations to Defendant Hometown West II Homeowners Association ("the HOA"), and the HOA conducted a foreclosure sale on August

13, 2013 at which Defendant SFR Investments Pool I, LLC ("SFR") purchased the Property for $13,000. (*Id.* ¶¶ 15, 17–29).

Nationstar sued the HOA and SFR in this Court for: (1) quiet title; (2) violation of the duty of good faith under Nevada Revised Statutes section ("NRS") 116.1113; and (3) wrongful foreclosure.[1]  SFR filed counterclaims and third-party claims for quiet title and slander of title.[2]

The HOA moved to dismiss the Complaint for failure to exhaust administrative remedies, and the Court denied the motion because the affirmative defense of non-exhaustion did not appear on the face of the Complaint.  The Court noted that it would be inclined to grant summary judgment in part if the HOA could show that Nationstar had not sought mediation (as required under state law) as to Nationstar's claim that the HOA failed to apply the CC&R in good faith under NRS 116.1113.

Nationstar moved for offensive summary judgment on its own claims and for defensive summary judgment against SFR's counterclaims.  The HOA moved for defensive summary judgment against Nationstar's claims.  SFR moved for offensive summary judgment on its counterclaims and third-party claims and for defensive summary judgment against Nationstar's claims.  The Court granted offensive summary judgment to Nationstar on its claim against the HOA under NRS 116.1113 and defensive summary judgment against SFR's counterclaims for quiet title and slander of title.  The Court granted SFR offensive summary judgment on its third-party claims against Holleb and RMC and defensive summary judgment against Nationstar's

---

1 The fourth cause of action for injunctive relief is not an independent cause of action.

2 The second cause of action for injunctive relief is not an independent cause of action.  Also, although titled "crossclaims," the claims against Holleb and Realty Mortgage Corp. ("RMC") are in substance third-party claims because they are not brought against the HOA (SFR's only co-Defendant).

claim for quiet title insofar as that claim was based on the Due Process Clause of the Fourteenth Amendment.  The Court denied the HOA's motion.  After those summary judgment rulings, Nationstar's claim for wrongful foreclosure against the HOA and its claim for quiet title against SFR under *Shadow Wood* and *Levers* remained for trial.

The HOA asked the Court to reconsider its grant of offensive summary judgment to Nationstar on the claim under NRS 116.1113.  The Court declined to reconsider.  It could not be said the Court committed clear error in interpreting NRS 116.1206 not to be retroactive to CC&R provisions the pre-date it, because there is no controlling authority on the question.

## II.    DISCUSSION

First, Nationstar has asked the Court to reconsider its grant of defensive summary judgment to the HOA and SFR against Nationstar's claim for quiet title insofar as that claim was based on the Due Process Clause of the Fourteenth Amendment.  The Court grants the motion based on the intervention of contrary binding authority. *See Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1160 (9th Cir. 2016) (holding that Chapter 116's notice scheme is facially unconstitutional under the Due Process Clause of the Fourteenth Amendment). Judgment has not yet been entered in this case, and Rule 60(b)(6) permits case-by-case reconsideration based on an intervening change in law even where judgment has been entered (assuming, of course, that the district court has not lost jurisdiction due to a pending appeal). *See Phelps v. Alameida*, 569 F.3d 1120, 1132–33 (9th Cir. 2009).  Relief is warranted in this case where the change in the law is clearly applicable, the change is determinative of certain claims, and the case remains in a pretrial posture.  There is no basis not to reconsider the Court's ruling in the face of certain reversal on appeal (absent the Supreme Court's highly improbable grant of a petition for certiorari and subsequent reversal in the *Bourne Valley* case).

Second, SFR asks the Court to certify the following question to the Nevada Supreme Court: "Does NRS 116.31168(1)'s incorporation of NRS 107.090 require homeowners' associations to provide notices of sale to banks even when a bank does not request notice?" The Court will not certify the question. As the Court has ruled in a previous case after careful analysis of the language of the statute, the statute's legislative history, and the Nevada Supreme Court's own language interpreting the statute's operation, the answer is "no." *See U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063, 1079–80 (D. Nev. 2015) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014)). The Court of Appeals has since ruled in accord. *See Bourne Valley Court Tr.*, 832 F.3d at 1159 (reasoning that NRS 116.31168's incorporation of NRS 107.090(3)–(4) would render NRS 116.31163 and 116.311635 superfluous). Absent intervening, contrary, binding authority, i.e., from the U.S. or Nevada Supreme Courts, this Court is bound by the Court of Appeals' rulings as to Nevada law. *See Mohamed v. Uber Techs., Inc.*, 836 F.3d 1102, 1111 (9th Cir. 2016).

Actual notice is inapposite here, because a facially unconstitutional law is void, and the HOA was therefore simply without power to extinguish Plaintiff's interest via the sale under Chapter 116. *See Journigan v. Duffy*, 552 F.3d 283, 289 (9th Cir. 1977). And any conclusive presumption of notice under state law would itself be facially infirm under the Due Process Clause. Reasonable notice under the Due Process Clause is a factual inquiry "under all the circumstances" that cannot be obviated by legal presumptions under state (or federal) law. *See Jones v. Flowers*, 547 U.S. 220, 226–27 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799 (1983); *see also United States v. Simmons*, 476 F.3d 33, 36–37 (9th Cir. 1973) (holding that regulations establishing irrebuttable or conclusive presumptions of receipt of mailed notices violate due

process). A statute that explicitly disregards the actual factual circumstances of notice in favor of a conclusive presumption would be facially infirm under the Due Process Clause, at least where the thing to be noticed is an impending loss of property rights.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 54) is GRANTED. Within fourteen (14) days, Plaintiff shall submit either a proposed form of judgment or a notice of its intent to prosecute the remaining claims for wrongful foreclosure and/or the *Shadow Wood* and *Levers* issues.

IT IS FURTHER ORDERED that the Motion to Certify a Question of Law to Nevada's Supreme Court (ECF No. 55) is DENIED.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge